UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:

ANDRE LEONARD BARNES &
CAMILLA LAVONNE BARNES,

       Debtors.
                                  /

CASE NO. 07-40528

CHAPTER 13

## ORDER ON DEBTORS' OBJECTION
## TO CLAIM #6 OF REGIONS BANK

THIS MATTER came on for hearing on the Debtors' Objection to Proof of Claim #6 of Regions Bank in this Chapter 13 bankruptcy case. Regions Bank is the holder of a note and mortgage secured by the Debtors' principal residence and filed its secured proof of claim in the amount of $272,885.13, comprised of $250,470.61 in principal and $22,414.52 in interest and other charges. While acknowledging the principal amount due on the claim and that the mortgage was in foreclosure according to the Statement of Financial Affairs filed by the Debtors, the Debtors in this objection contest the $22,414.52 in interest and other charges on the grounds that such charges are "unreasonable and/or improperly documented." For the reasons set forth herein, the Debtors' objection will be sustained in part and overruled in part.

The Debtors commenced this Chapter 13 case by filing their petition on October 9, 2007. The Proof of Claim filed by Regions Bank reflects that it is based on a Promissory Note and Mortgage dated February 6, 2006 in the original principal amount of $252,000 with interest at the yearly rate of 7.5%. According to the Proof of Claim, the Debtors failed to make their monthly payments for the months beginning in December 2006 through October 2007, at which time this case was commenced. Missed payments over that period of time totaled

1

$22,777.52. In addition to the missed payments, the Proof of Claim includes the following additional charges which were itemized in a document entitled "Schedule A" attached to the Proof of Claim:

| | |
|---|---|
| Late Charges - | $ 861.00 |
| Escrow Shortage - | $ 856.84 |
| NSF Charges - | $ 30.00 |
| Pre-petition attorney's fees & costs - | $ 2,239.00 |
| Post petition attorney's fees - | $ 350.00 |
| Corporate Advance - | $ 126.50 |
| Miscellaneous - | $ 40.00 |

These additional charges together with the missed payments result in a claimed arrearage of $27,280.86 which would have to be cured under the Debtors' Chapter 13 Plan. In their Objection, the Debtors dispute the charges on "Schedule A" since the Claimant has filed no documentation indicating how the additional charges were calculated. The Debtors allege that without such documentation, they are unable to properly assess the validity and reasonableness of the claim. Regions Bank filed a Response to the Debtors' Objection and attached a "Schedule B" which further broke down the different components of the additional charges reflecting the total interest due through the filing date in the amount of $17,734.50. The position of Regions Bank regarding the documentation required to support its Proof of Claim is that it is not required by the bankruptcy laws or local rules of this Court to file any "itemized statements that indicate the nature of such charges or the work done to earn the amounts." Regions Bank did attach to its Proof of Claim a copy of the underlying Note and Mortgage giving rise to the claim.

This objection raises the issue of the extent to which a creditor is required to document the charges set forth in its Proof of Claim. A second issue presented by this objection is the consequence that follows if a creditor fails to attach sufficient documentation to its Proof of

Claim. Section 501(a) of the Bankruptcy Code provides that "a creditor or an indenture trustee may file a proof of claim." Section 502(a) provides that "a claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects." Section 502(b) provides that if an objection to a claim is made, the court shall determine the amount of such claim on the date of the filing of the petition and shall allow the claim in such amount except to the extent that the claim falls into the exceptions set forth in § 502(b)(1) - (9). The requirements for a proof of claim are set forth in Rule 3001 in Federal Rules of Bankruptcy Procedure. Rule 3001(a) provides, *inter alia*, that "a proof of claim shall conform substantially to the appropriate Official Form." Rule 3001(c) provides that when a claim is based on a writing, the original or duplicate shall be filed with the proof of claim. Rule 3001(f) provides that "a proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Finally, Official Form 10 [12/7 Revision] instructs the claimant (at field 7) to "[a]ttach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments mortgages, and security agreements. You may also attach a summary." Furthermore, at field 1 on Official Form 10, the Claimant is directed to "check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges."

Regions Bank has filed a proof of claim in the total secured amount of $272,855.13. The Debtors have argued that each element of Regions Bank's claim constitutes a separate claim. However, this proposition is not supported by any law. Regions Bank's claim consists

of the total amount due for the note and mortgage, which includes principal plus fees, costs, and other charges.

Though the cases cited by the Debtor deal with the requirement of documentation in the context of claims arising from credit card debt, there are some general principles that can be gleaned from them. For example, if a creditor's claim is based on a writing, the original or a duplicate should be filed with the proof of claim, unless it has been lost or destroyed, in which case an explanation should be provided. *In re Burkett*, 329 B.R. 820, 826 (Bankr. S.D. Ohio 2005); Fed. R. Bankr. P. 3001(c). The exclusive statutory bases for disallowing a claim are found in § 502(b) and do not include a lack of documentation. *Heath v. Am. Express Travel Relates Svcs. (In re Heath)*, 331 B.R. 424, 431-32, 435 (9th Cir. BAP 2005); *B-Line, LLC v. Kirkland (In re Kirkland)*, 379 B.R. 341, 345 (10th Cir. BAP 2007); *In re Burkett*, 329 B.R. 820, 828 (Bankr. S.D. Ohio 2005) (explaining that a lack of documentation is not listed as a ground for disallowing a claim under § 502). Several courts have concluded that documentation provided in connection with a proof of claim is sufficient for claims allowance purposes if it establishes the validity, ownership, and amount of the claim. *Burkett* at 828-29; *see also In re Sandifer*, 318 B.R. 609, 611 (Bankr. M.D. Fla. 2004) (stating that debtors are entitled to adequate documentation, but that "creditors should not be burdened with providing unnecessary documentation"). If a debtor successfully pierces the Rule 3001(f) presumption of *prima facie* validity, the burden shifts to the creditor to prove the claim by a preponderance of the evidence. *Burkett*, 329 B.R. at 829-30.

In this case, I find that the note and mortgage attached to the proof of claim provide sufficient documentation of the claim. The note and mortgage give rise to the claim. The Official Form merely requires the claimant to set forth an itemization of the elements of the

claim; it does not require the claimant to document each and every element. Since information as to reasonableness can be obtained through discovery, it does not necessarily have to be provided in the proof of claim. Furthermore, as was explained in *In re Palmer*, 2008 WL 1868072 (Bankr. N.D. Fla. 2008), filing a proof of claim does not require legal expertise. To require the level of documentation the Debtor is requesting could require the involvement of an attorney and would unnecessarily increase costs. Such additional documentation may not overwhelm the Court, but it would vastly increase the cost to all debtors.

Certain costs and charges claimed by Regions Bank are easily calculable from the note and mortgage or are patently reasonable and will therefore be allowed. The interest claimed is simply calculated from the loan documents. Since the interest is easily calculable from the documentation that has been provided, the objection will be overruled with respect to the interest. The late charges are also are easily calculable based on the note, and therefore the objection will be overruled with respect to the late charges.

The post-petition attorneys fees are patently reasonable in light of *In re Palmer*, 2008 WL 1868072 (Bankr. N.D. Fla. 2008), where the mortgage creditor was allowed $300 for post-petition attorney's fees when the mortgage was not in default and was being paid outside of the Plan. Here, the mortgage is $22,000 in arrears and was in foreclosure pre-petition. On its face, $350 is reasonable for post-petition attorney's fees in such a case, and the fees will be allowed.

Other charges (the escrow charge, NSF charges, corporate advance, and miscellaneous charges), while not specifically documented, can reasonably be expected to flow from ten or eleven months of missed payments and the prosecution of foreclosure proceedings. Therefore, the objection with respect to these charges will be overruled, and the charges will be allowed.

With respect to the pre-petition attorneys fees, however, there is nothing in the record to show their reasonableness, such as an affidavit or final judgment of foreclosure. The Court is required to assess an oversecured creditor's claim for attorney's fees for reasonableness under § 506(b). *In re Welzel*, 275 F.3d 1308, 1314-15 (11th Cir. 2001). Therefore, the objection will be sustained as to the pre-petition attorneys fees with leave to supplement the proof of claim with documents demonstrating the reasonableness of such fees.

Accordingly, it is hereby

ORDERED and ADJUDGED as follows

1.) The Debtors' Objection to Proof of Claim #6 of Regions Bank is OVERRULED with respect to the amounts for interest, late charges, escrow shortage, NSF charges, post-petition attorney's fees, corporate advance, and miscellaneous charges; these shall be allowed in the amount of $20,145.52 as part of the secured claim.

2.) The Debtors' Objection to Proof of Claim #6 of Regions Bank is SUSTAINED with leave to amend as to the pre-petition attorney's fees and costs in the amount of $2,239.00.

DONE and ORDERED in Tallahassee, Florida this  6th day of June, 2008.

                                                LEWIS M. KILLIAN, JR.
                                                United States Bankruptcy Judge

cc: all parties in interest